1

2

3

4                           UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    YVONNE JETT,                               Case No.  24-cv-01472-SK

                   Plaintiff,
8

9         v.                                    **ORDER GRANTING DEFENDANTS'
                                                MOTION TO DISMISS**
10   U.S. POST OFFICE, et al.,
                                                Regarding Docket No. 51
                   Defendants.
11

12        This matter comes before the Court upon consideration of the motion to dismiss for lack of

13   subject matter jurisdiction filed by Defendants the United States Postal Service, the United States

14   Department of Labor, and the Office of Workers' Compensation Programs (collectively,

15   "Defendants").  (Dkt. No. 51.)  All parties have consented to the jurisdiction of a magistrate judge.

16   (Dkt. Nos. 4, 34.)  Having carefully considered the parties' papers, relevant legal authority, and

17   the record in the case, and having had the benefit of oral argument, the Court hereby GRANTS

18   Defendants' motion for the reasons set forth below.

19                              **FACTUAL ALLEGATIONS**

20        Plaintiff Yvonne Jett ("Plaintiff") alleged the following facts, which the Court accepts as

21   true for purposes of this motion.  The FAC is not entirely clear.  As Plaintiff is proceeding *pro se*,

22   the Court makes every effort to make sense of Plaintiff's allegations and give inferences in her

23   favor.

24        Plaintiff was employed by the United States Postal Service ("USPS").  (Dkt. No. 12, ¶ 6.)

25   On July 22, 1981, she was injured while lifting sacks of mail.  (*Id.* at ¶ 6, p. 11.)  The USPS then

26   terminated Plaintiff's employment.  (*Id.* at ¶ 7.)  In addition, Plaintiff applied for federal workers'

27   compensation benefits, but her claim was denied.  (*Id.* at ¶ 7.)  Plaintiff also states that her claim

28   was accepted in 1998.  (*Id.* at p. 11.)

United States District Court
Northern District of California

In 2000, the USPS rehired Plaintiff on "limited duty" because she had a cumulative work injury in her neck.  (*Id.* at ¶ 7, p. 11.)  The USPS failed to accommodate her disability.  (*Id.* at ¶ 8.)  Because the USPS did not accommodate Plaintiff's limitations, she worked "on and off."  (*Id.* at ¶ 9.)  Plaintiff believes the USPS retaliated against her because of her injury.  (*Id.*)

The USPS requested Plaintiff undergo a Functional Capacity Evaluation ("FCE").  (*Id.* at ¶ 11.)  Plaintiff underwent the FCE on June 21, 2005.  (*Id.* at ¶ 12, p. 11.)  During the FCE, Plaintiff's left hand was injured.  (*Id.* at ¶ 12.)  Due to Plaintiff's injury, the FCE examiner assisted Plaintiff by having Plaintiff perform tasks with only her right hand, while the examiner performed the left-handed movements.  (*Id.* at ¶ 13.)  Plaintiff asserts that the FCE reports intentionally omitted information about the examiner's assistance.  (*Id.* at ¶¶ 21-24.)  After the FCE, Plaintiff was in severe pain from performing strength tests.  (*Id.* at ¶ 14.)

The next day, Plaintiff sough medical treatment due to pain in her left wrist and hand, "along with discomforts all over [her] body including [her] neck."  (*Id.* at ¶ 15.)  Plaintiff's treating physician diagnosed her with wrist tendonitis and "triangular fibrocartilage complex."[1] (*Id.* at ¶ 16.)

Plaintiff filed a workers' compensation claim based on the injury Plaintiff sustained during the FCE.  (*Id.* at ¶ 17.)  USPS investigated Plaintiff for a month and a half.  (*Id.* at ¶ 18.)  Plaintiff references a surveillance video that, according to the USPS, showed Plaintiff carrying pizzas in her left hand.  (*Id.* at ¶ 21.)  Plaintiff asserts this surveillance video was altered such that her right hand appeared to be her left hand (a mirror image).  (*Id.* at ¶ 20.)  Following the investigation, Plaintiff's workers' compensation claim was denied, and she was "fired for getting hurt again." (*Id.* at ¶ 19.)  Plaintiff requested reconsideration and appealed the denial of her claim.  (*Id.* at ¶ 26.)  At some point between 2021 and 2023, Plaintiff learned that two doctors who examined her "were compromised and not impartial," and that they fraudulently made medical reports in 2021 without re-examining Plaintiff.  (*Id.* at ¶¶ 37-40.)

Plaintiff asserts that she went back to school to learn why she was not gaining relief and

---

[1] The triangular fibrocartilage complex is a structure in the wrist, not an injury.  The Court construes Plaintiff's First Amended Complaint as alleging damage to this structure.

realized that "they would never give me any fairness, impartiality, or due process." (*Id.*)

**CAUSES OF ACTION**

Plaintiff's First Amended Complaint alleges a number of grievances against Defendants. Reviewing it with the liberality afforded *pro se* litigants, the Court construes it to allege a cause of action under the Administrative Procedures Act for violating the Federal Employee Compensation Act ("FECA"), a constitutional claim for violation of the Fifth Amendment's guarantee of procedural due process, a cause of action under Section 501 of the Rehabilitation Act for disability discrimination,[2] and a state law claim for fraud, on the following theories:

- The Office of Workers' Compensation Programs ("OWCP") improperly denied Plaintiff FECA benefits, (*Id.* at ¶ 34.);

- OWCP denied Plaintiff FECA benefits without due process of law, (*Id.* at ¶¶ 34, 35, 36.);

- OWCP improperly ignored evidence of the FCE examiner's assistance and plaintiff's own statements, (*Id.* at ¶¶ 33, 41.);

- OWCP denied Plaintiff copies of her medical reports, (*Id.* at ¶ 42.);

- OWCP relied on improper medical examinations, (*Id.* at ¶¶ 38-39);

- Two of the medical examiners were not impartial because they examined Plaintiff twice, (*Id.* at ¶¶ 37-40.);

- The USPS falsified the surveillance video used in the investigation of Plaintiff's work limitations, (*Id.* at ¶¶ 31, 32.);

- The USPS failed to send Plaintiff to an agency doctor as part of her workers' compensation claim, (*Id.* at ¶ 30.);

- The USPS failed to accommodate Plaintiff's disability, (*Id.* at ¶ 29.); and

- The USPS wrongfully terminated Plaintiff's employment in retaliation for getting injured, (*Id.* at ¶ 28.).

Plaintiff requests punitive and monetary damages, "to be made whole," "accountability," and "due process." (*Id.* at p. 12.)

---

[2] "[S]ection 501 is the exclusive remedy for discrimination in employment by the Postal Service on the basis of handicap." *Boyd v. U.S. Postal Serv.*, 752 F.2d 410, 413 (9th Cir. 1985).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**PROCEDURAL HISTORY**

Plaintiff filed her Initial Complaint and an application to proceed *in forma pauperis* on March 11, 2024.  (Dkt. Nos. 1, 2.)  The Court granted Plaintiff's *in forma pauperis* application but dismissed her Initial Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915.  (Dkt. No. 6.)  On May 1, 2024, Plaintiff submitted her First Amended Complaint.  (Dkt. No. 12.)  The Court determined that Plaintiff's First Amended Complaint included at least one viable claim and allowed her case to proceed accordingly.  (Dkt. No. 13.)

On September 10, 2024, Defendants filed the instant motion to dismiss for lack of subject matter jurisdiction.  (Dkt. No. 51.)  Plaintiff opposed the motion, (Dkt. No. 57.), and Defendants filed a reply, (Dkt. No. 61.)  Plaintiff then attempted to file a sur-reply without leave of court, (Dkt. No. 63.), which is prohibited by Local Rule 7-3(d).  Regardless, nothing in the sur-reply would alter the Court's analysis or conclusion.  The Court heard oral argument on November 18, 2024.  (Dkt. No. 65.)  During the motion hearing, the Court informed the parties that Plaintiff had already filed two disability discrimination actions against USPS, and directed the parties to reach the issue of whether Plaintiff's disability discrimination claims are precluded.  (Dkt. No. 66.)  Both parties filed responsive briefs.  (Dkt. Nos. 67, 68.)

**ANALYSIS**

**A.    Legal Standards on Motion to Dismiss.**

When a defendant moves to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of proving that the court has jurisdiction to decide the claim.  *Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp.,* 594 F.2d 730, 733 (9th Cir. 1979).  Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: cases involving a federal question, diversity of citizenship, or the United States as a party.  28 U.S.C. §§ 1331, 1332; *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

A Rule 12(b)(1) motion can be either "facial" or "factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  Where an attack on jurisdiction is a "facial" attack on the allegations of the complaint, the factual allegations of the complaint are taken as true and

4

1   the non-moving party is entitled to have those facts construed in the light most favorable to him or

2   her.  *Hyatt v. Yee*, 871 F.3d 1067, 1071 n.15 (9th Cir. 2017).

3          In a "factual attack," the moving party questions the veracity of the plaintiff's allegations

4   that "would otherwise invoke federal jurisdiction."  *Safe Air for Everyone*, 373 F.3d at 1039.  The

5   plaintiff's allegations are questioned by "introducing evidence outside the pleadings."  *Leite v.*

6   *Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).  "When the defendant raises a factual attack, the

7   plaintiff must support her jurisdictional allegations with 'competent proof,' under the same

8   evidentiary standard that governs in the summary judgment context."  *Id.* (quoting *Hertz Corp. v.*

9   *Friend*, 559 U.S. 77, 96-97 (2010)).  While the plaintiff typically has the burden of proof to

10  establish subject matter jurisdiction, "if the existence of jurisdiction turns on disputed factual

11  issues, the district court may resolve those factual disputes itself."  *Id.* at 1121-22 (citing *Safe Air*

12  *for Everyone*, 373 F.3d at 1039-40).

13         When granting a motion to dismiss under Rule 12, a court must grant leave to amend

14  unless it is clear that the complaint's deficiencies cannot be cured by amendment.  *Lucas v. Dep't*

15  *of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal

16  may be ordered with prejudice.  *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

**B.    Defendants' Motion to Dismiss.**

18         Defendants move to dismiss the First Amended Complaint for lack of subject matter

19  jurisdiction on several grounds.  First, as to Plaintiff's claims requesting review of her FECA

20  benefits determination, Defendants argue that determinations regarding FECA benefits are not

21  subject to judicial review.  (Dkt. No. 51, pp. 10-11.)  Second, as to Plaintiff's due process claim,

22  Defendants argue that Plaintiff has not raised a colorable due process claim.  (*Id.* at pp. 11-14.)

23  Third, as to Plaintiff's claims for disability discrimination, Defendants argue that the claims are

24  impermissible collateral attacks on the denial of FECA benefits.  (*Id.* at p. 14.)  Defendants'

25  supplemental brief also argues that Plaintiff's earlier lawsuits preclude her claims for disability

26  discrimination.  (Dkt. No. 68.)  Plaintiff's Opposition Brief does not respond to these arguments,

27  but it asserts that venue is proper and re-asserts Plaintiff's factual allegations.  (Dkt. No. 57.)

28  Plaintiff's supplemental brief on preclusion argues that the Court should ignore the prior cases

United States District Court
Northern District of California

1  because Plaintiff was proceeding *pro se*, was ignorant of the law, and was focused on raising her

2  children.  (Dkt. No. 67.)

3      In assessing Defendants' motion, the Court is mindful that "[a] document filed *pro se* is to

4  be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less

5  stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89,

6  94 (2007) (internal citations and quotation marks omitted).

7      **1.    FECA Violation Claim.**

8      This Court lacks subject matter jurisdiction to review Plaintiff's petition for entitlement to

9  FECA benefits.  5 U.S.C. § 8128(b).  Section 8128(b) provides:

10     The action of the Secretary or h[er] designee in allowing or denying payment under
11     this subchapter is--

12         (1) final and conclusive for all purposes and with respect to all questions of
           law and fact; and,

13
14         (2) not subject to review by another official of the United States or by a Court
           by mandamus or otherwise.

15  *Id.*  Accordingly, "courts do not have jurisdiction to review FECA claims challenging the merits of

16  benefit determinations."  *Markham v. United States*, 434 F.3d 1185, 1187 (9th Cir. 2006); *see also*

17  *Sw. Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991) ("FECA contains an unambiguous and

18  comprehensive provision barring any judicial review of the Secretary of Labor's determination of

19  FECA coverage" (citation and quotation marks omitted)).

20     The Court GRANTS Defendants' motion to dismiss as to Plaintiff's claim for violation of

21  FECA.  Because FECA provides a complete jurisdictional bar, there is no way for Plaintiff to re-

22  plead her claim to plead a viable cause of action.  Amendment would thus be futile.  Accordingly,

23  the Court dismisses Plaintiff's FECA violation claim WITH PREJUDICE.

24     **2.    Due Process Claim.**

25     Although 28 U.S.C. § 8128(b) precludes judicial review of FECA benefits, courts have

26  recognized two narrow exceptions to address "constitutional challenges or claims for violation of a

27  clear statutory mandate or prohibition."  *Markham*, 434 F.3d at 1187.  The constitutional challenge

28  exception applies to "any colorable constitutional claim of due process violation that implicates a

United States District Court
Northern District of California

1    due process right either to a meaningful opportunity to be heard or to seek reconsideration of an

2    adverse benefits determination."  *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) (citation

3    omitted).

4        To state a colorable due process claim, Plaintiff must allege that she was deprived of "life

5    liberty, or property, without due process of law."  U.S. Const. amend. V; *see Cleveland Bd. of*

6    *Educ. v. Loudermill*, 470 U.S. 532, 538 (1985) ("Respondents' federal constitutional claim

7    depends on their having had a property right . . . .").  While federal benefits *recipients* have a

8    property right in the continued receipt of their benefits, federal benefits *claimants* do not have a

9    property right in benefits which they have been denied.  *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*,

10   526 U.S. 40, 60-61 (1999); *see also Duncan v. Dep't of Lab.*, 313 F.3d 445, 446 (8th Cir. 2002)

11   ("[The plaintiff] never had or acquired a property interest in his workers' compensation request

12   because the federal government did not find [he] was entitled to the benefits, or pay out the

13   benefits."); *Petersen v. U.S. Dep't of Lab.*, No. 03-0918 SI, 2003 WL 21982812, at *4 (N.D. Cal.

14   Aug. 11, 2003), *aff'd*, 101 F. App'x 714 (9th Cir. 2004) ("[A] plaintiff has no 'property interest'

15   for constitutional purposes where benefits have been denied . . . .").  Because Plaintiff appears to

16   be contesting a denial of FECA benefits, rather than a discontinuation of FECA benefits, Plaintiff

17   has no property interest.

18       Even if Plaintiff had a property interest in FECA benefits, she has not alleged that she was

19   deprived of due process (i.e., notice and an opportunity to be heard).  Plaintiff contests the

20   weighing of various evidence, not the procedures used to process her claim.  Further, the First

21   Amended Complaint's mention of Plaintiff's appeals and requests for reconsideration suggests

22   that Plaintiff had multiple opportunities to be heard.  (Dkt. No. 12, ¶ 26.)

23       The Court GRANTS Defendants' motion to dismiss as to Plaintiff's due process claim.

24   Because amendment would be futile, the Court dismisses Plaintiff's due process claim WITH

25   PREJUDICE.

26       **3.    Claims for Disability Discrimination.**

27       The doctrine of res judicata or claim preclusion bars Plaintiff's claims for disability

28   discrimination.  "Res judicata bars further litigation on a claim where there is (1) an identity of

*United States District Court*
*Northern District of California*

1    claims, (2) a final judgment on the merits, and (3) privity between parties." *Poblete Mendoza v.*

2    *Holder*, 606 F.3d 1137, 1140 (9th Cir. 2010).

3        Plaintiff has already brought two cases in this Court alleging disability discrimination

4    resulting in wrongful termination.  *See Jett v. Potter*, No. 08-cv-04290-PJH (N.D. Cal. filed Sept.

5    11, 2008) ("*Jett I*"); *Jett v. U.S. Postal Serv.*, No. 11-cv-05078-JSC (N.D. Cal. filed Oct. 17, 2011)

6    ("*Jett II*").[3]  In *Jett I*, Plaintiff brought claims against USPS alleging failure to accommodate her

7    disabilities, wrongful termination of her employment, and use of an altered video against her.  (08-

8    cv-04290-PJH, Dkt. No. 1.)  The Court dismissed the complaint with leave to amend because

9    Plaintiff failed to exhaust administrative remedies.  (08-cv-04290-PJH, Dkt. No. 5, p. 3.)  When

10    Plaintiff's amended complaint did not cure the defect, the Court dismissed the case with prejudice.

11    (08-cv-04290-PJH, Dkt. No. 7.)

12        In *Jett II,* Plaintiff brought identical claims against USPS.  (11-cv-05078-JSC, Dkt. Nos. 1,

13    9.)  The Court explained that *Jett I* barred Plaintiff's claims, and after one amendment to the

14    complaint, the Court ultimately dismissed the complaint with prejudice.  (11-cv-05078-JSC, Dkt.

15    Nos. 7, 10.)

16        Once again, the judgment in *Jett I* bars Plaintiff's claims for disability discrimination that

17    she brings in this case.  First, Plaintiff's claims for failure to accommodate her disabilities and

18    wrongful termination of her employment are identical to the claims she raised in *Jett I*.  Second,

19    *Jett I*'s dismissal with prejudice constitutes a final judgment on the merits.  *See Leon v. IDX Sys.*

20    *Corp.*, 464 F.3d 951, 962 (9th Cir. 2006).  Third, the prior action involved the same parties,

21    Plaintiff and USPS, and here, Plaintiff again brings disability discrimination claims against USPS.

22    Accordingly, Plaintiff is not permitted to relitigate claims that this Court already decided.

23        Plaintiff argues that the prior judgments should not be held against her because she was not

24    legally savvy at the time and later discovered more facts and unlawful behaviors, such as that

25    Defendants allegedly violated her due process.  (Dkt. No. 67.)  The Court acknowledges that

26    Plaintiff has added new claims regarding her FECA proceedings; those claims are not barred by

27    _____

28        [3] The Court takes judicial notice of the fact that Plaintiff filed these complaints but does not take judicial notice of the truth of the facts alleged in the complaints.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  issue preclusion.  As noted above, the Court does not have jurisdiction over her FECA claims, so

2  the Court dismisses those claims on that separate ground.  *Jett I* bars only the claims for disability

3  discrimination.

4        Plaintiff's disability discrimination claims are hereby DISMISSED.  Because amendment

5  would be futile, the Court dismisses Plaintiff's disability discrimination claims WITH

6  PREJUDICE.

7        **4.    Fraud Claim.**

8        This Court lacks subject matter jurisdiction to review Plaintiff's claim relating to USPS's

9  alleged falsification of a surveillance video used during Plaintiff's FECA proceedings.  *See* 5

10 U.S.C. § 8128(b).  Plaintiff essentially argues that OWCP should have discounted this evidence,

11 but the Court does not have the power to second-guess the weighing of evidence during FECA

12 proceedings.  *See id.*  Further, Plaintiff's challenge to the surveillance video is not a constitutional

13 challenge or a claim for violation of a clear statutory mandate or prohibition, so it does not

14 constitute an exception to the FECA jurisdictional bar.  *See Markham*, 434 F.3d at 1187.

**CONCLUSION**

15

16       For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss and

17 dismisses all claims WITH PREJUDICE.

18       **IT IS SO ORDERED**.

19 Dated: December 2, 2024

20 

21                                                    _____
                                                     SALLIE KIM
22                                                   United States Magistrate Judge

23

24

25

26

27

28

9